IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ELOUSIE KAY MALONEY, ) | |
| ) | |
| Debtor/Appellant, ) | |
| ) | |
| v. ) | APPEAL NO. 04-4253-CV-C-RED |
| ) | |
| JANICE A. HARDER, ) | |
| ) | |
| Trustee/Appellee. ) | |

## ORDER

NOW before the Court is this Appeal from the United States Bankruptcy Court for the Western District of Missouri on Brief of Appellant (Doc. 5), Brief of Appellee (Doc. 6), and the Reply Brief of Appellant (Doc. 7). For the reasons stated below, the Court finds the Bankruptcy Court for the Western District of Missouri is due to be Affirmed in this matter.

**I. FACTS**

The debtor in this case has received a discharge from her Chapter 7[1] bankruptcy. In that bankruptcy, the debtor classified certain real property as qualifying for the homestead exemption. The trustee objected to this exemption and this objection was sustained. The debtor now wishes to convert to a Chapter 13 bankruptcy, with the motivation to retain this real property.

The Honorable Judge Dennis R. Dow sustained the Trustee's objection to the motion to convert. This appeal by the debtor followed. The issue before the Court is whether the Bankruptcy Court erred in denying the Debtors Motion to Convert and sustaining the Trustee's objection to the same.

---

[1] Unless otherwise noted, all Code sections quoted herein relate to Title 11 of the United States Code.

## II. STANDARD OF REVIEW

When a party appeals a bankruptcy court's decision to the local district court, the district court employs two standards of review. The district court reviews the bankruptcy court's decisions of law *de novo* and reviews its findings of fact for clear error. *O'Neal v. Southwest Missouri Bank (In re Broadview Lumber Co.)*, 118 F.3d 1246, 1250 (8th Cir. 1997). This case solely presents an issue of law, therefore the de novo standard is appropriate.

## III. DISCUSSION

Section 706 of the bankruptcy code allows the debtor to convert a case from a Chapter 7 bankruptcy to a Chapter 11, 12 or 13 case if (1) the case has not been previously converted, (2) and the debtor can meet the requirements of the Chapter to which the debtor wishes to convert. *See* 11 U.S.C. § 706 (a), (d). In this case, the debtor wishes to convert from a Chapter 7 liquidation to a Chapter 13 reorganization. The debtor has not previously converted her case. Chapter 13 bankruptcies require debtors to have regular income and also limit the amount of unsecured debt a Chapter 13 debtor can have. *See* 11 U.S.C. § 109 (e). There is no question in this case that the debtor meets these requirements. The issue in this case is if the debtor has a one time "absolute" right of conversion under Section 706 to a Chapter 13 bankruptcy. The debtor asserts that she has a right to convert her bankruptcy since she has met the limitations of Section 706. The trustee argues that the conversion does not end with an inquiry to Section 706, and that an inquiry into the good faith and potential abuse of process is necessary before a conversion is granted.

As a threshold matter, the plain language of the statute says that the debtor may convert "at any time." 11 U.S.C. § 706 (a) Additionally, the notes on this section acknowledges that the debtor is given a "one-time absolute right of conversion of a liquidation case to a reorganization or

individual repayment plan case." This is to further the policy that "the debtor should always be given the opportunity to repay his debts. . .."

There are two lines of cases interpreting Section 706 (a). One line does in fact hold that the debtor has an absolute right to convert from a Chapter 7 to a Chapter 13 providing that (i) the case has not already been converted from a Chapter 11, 12 or 13 and (ii) the debtor meets the financial eligibility requirements of Section 109 (e) to be a Chapter 13 debtor. These cases find that the bankruptcy court does not have the power to deny conversion. *Pequeno v. Schmidt,* 307 B.R. 568 (S.D. Tex.2004) (providing detailed outline of cases on both sides of the issue); *see also In re Hansen*, 316 B.R. 505, 507 (Bankr.N.D.Ill.2004) (finding debtor has an absolute right to convert subject only to statutory limitations of Section 706); *In re Carrow*, 315 B.R. 8 (Bankr.N.D.N.Y.2004) ( holding that debtor had unfettered right to convert her Chapter 7 case to case under another Chapter, provided only that debtor was eligible for relief under that other Chapter, and that case had not previously been converted).

The second line of cases hold that the right to convert is not absolute and that in extreme circumstances conversion can be denied under the discretion of the bankruptcy court. "[T]he trend in other jurisdictions, if indeed one is discernable, is to judicially recognize an exception to the right to convert in situations of bad faith." *Id*. at 578. *See Kuntz v. Shambam (In re Kuntz),* 233 B.R. 580, 585 (1st Cir. B.A.P. 1999) (holding that a debtor's one-time right to conversion may be denied in "extreme circumstances" constituting bad faith); *Martin v. Cox,* 213 B.R. 571, 572-73 (E.D. Ark.1996) (finding the conversion denied due to falsification of documents, failure to disclose assets and other information, false representations in another court, and other misconduct); *In re Wampler,* 302 B.R. 601, 605-06 (Bankr. S.D. Ind.2003) (holding conversion denied due to factors including

3

timing of motion, motive for motion, debtor not being forthcoming with court and creditors, and lack of need for Chapter 13); *In re Oblinger,* 288 B.R. 781, 785 (Bankr. N.D. Ohio 2003) (stating that the court "tends to agree with those cases holding that conversion might ... be denied under 'extreme circumstances,' such as a debtor's abuse of process," but finding that such circumstances did not exist in that case); *In re Johnson,* 262 B.R. 75 (Bankr. E.D. Ark.2001) (acknowledging opposing precedent but finding that more persuasive view is that conversion from Chapter 7 to Chapter 13 can be denied in extreme circumstance for lack of good faith as an abuse of process); *In re Lesniak,* 208 B.R. 902, 906-07 (Bankr. N.D. Ill.1997) (holding conversion denied because schedules were "fraught with discrepancies" and because of lack of motivation to pay debts); *In re Thornton,* 203 B.R. 648, 652-53 (Bankr.S.D.Ohio 1996) (holding conversion denied due to omissions of assets, false testimony, and prepetition conduct); *see also Finney v. Smith (In re Finney),* 992 F.2d 43, 45 (4th Cir.1993) (finding debtor's fraud and filing of motion to convert only after discharge was denied justified immediate reconversion to Chapter 7); *In re Eugene Alexander, Inc.,* 191 B.R. 920, 923-24 (Bankr.M.D.Fla.1994) (finding that Chapter 7 debtor has right to convert to Chapter 11 but conversion should not be permitted if "cause" exists to convert case back to Chapter 7 or to dismiss. "To permit conversion to Chapter 11 in those circumstances would be futile and a wasted act.").

  This Court finds the second line of cases to be the more reasoned approach. While the United States Court of Appeals for the Eighth Circuit has not directly addressed this issue, the denial of a motion to convert for bad faith or abuse of process is consistent with Eighth Circuit precedent. For example, the Eighth Circuit has held that a bankruptcy court may dismiss a Chapter 13 petition that was not filed in good faith. *See, e.g. Noreen v. Slattengren,* 974 F.2d 75, 76 (8th Cir.1992).

  The test in the Eighth Circuit for whether a Chapter 13 plan has been filed in good faith is

an interesting hybrid of two complimentary "components." The first component, set forth in *In re Estus,* 695 F.2d 311 (8th Cir.1982), involves a consideration of the totality of the circumstances surrounding the filing of the plan. As part of the totality of circumstances analysis, the court in *Estus* suggested eleven non-exclusive factors that are "meaningful" to a determination of good faith:

> (1) the amount of the proposed payments and the amount of the debtor's surplus;
>
> (2) the debtor's employment history, ability to earn and likelihood of future increases in income;
>
> (3) the probable or expected duration of the plan;
>
> (4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;
>
> (5) the extent of preferential treatment between classes of creditors;
>
> (6) the extent to which secured claims are modified;
>
> (7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7;
>
> (8) the existence of special circumstances such as inordinate medical expenses;
>
> (9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act [now the Bankruptcy Code];
>
> (10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and
>
> (11) the burden which the plan's administration would place upon the trustee.
>
> *Id.* at 317.

Most of these factors are considered to have been subsumed by 11 U.S.C. § 1325(b), enacted in 1984, *Slattengren,* 974 F.2d at 76, *Handeen v. LeMaire, (In re LeMaire)*, 883 F.2d 1373, 1378-

79 (8th Cir.1989); *Education Assistance Corp., v. Zellner,* 827 F.2d 1222, 1227 (8th Cir.1987)(en banc), and a narrower inquiry, what the Court calls the second "component," was introduced: "The bankruptcy court must look at factors such as whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code." *Zellner,* 827 F.2d at 1227. The *Estus,* 11 factor / totality of circumstances test was not abandoned, though, and still "remains in place." *Slattengren,* 974 F.2d at 76; *LeMaire,* 883 F.2d at 1379.

Debtor argues that the plain language of Section 706(a) provides the Debtor with a one-time absolute right to convert and the second line of cases can not be adopted. *See Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206 (1988) (holding that bankruptcy courts cannot use their equitable powers to override the plain language of a provision of the Bankruptcy Code). This Court does not agree that the language of Section 706 (a) has such an effect.

Neither the language of the statute itself nor the legislative history gives a debtor the absolute right to convert. *See In re Starkey,* 179 B.R. 687, 691-92 (Bankr. N.D. Okla.1995). As other courts have found, the phrase in Section 706 (a) providing that the debtor may convert "at any time" refers to a time frame. The phrase does not mean "regardless of circumstances." *Id.* at 692; *In re Oblinger,* 288 B.R. at 785 (holding that by use of the phrase "at any time," Congress disavowed a time component in determining a motion to convert from Chapter 7 to Chapter 13).

Further, the language protecting the debtor from any waiver of the right to convert "is meant to prevent frustration of the Bankruptcy Code by standard provisions in contracts of adhesion . . .. This sentence does not apply to any impairment of the right to convert for reasons of the debtor's own misconduct or comparable circumstances, more in the nature of estoppel than waiver." *In re*

6

*Starkey,* 179 B.R. at 692.

The legislative history of the subsection does call the right to convert an "absolute right." However, this language must be read in conjunction with the policy of the statute, stated in the same legislative history. *See In re Cooper*, 314 B.R. 628 (6th B.A.P. 2004). This policy is that "a debtor should always be given the opportunity to repay his debts . . .." S.Rep. No. 95-989, at 94 (1978). This policy can not be effectuated with the "absolute right" as the debtor construes it. Such a construction would allow, as in this case, a debtor to convert a case to "save" an asset that should go to creditors. Instead of repaying debts, the debtor is effectively avoiding his debts. One Bankruptcy court illustrated the point as follows:

> Let's posit a case in which a Chapter 7 debtor "inadvertently" omits property of significant value from the Chapter 7 schedules. By luck or fate or hard work--it's hard to tell the difference sometimes--the Chapter 7 trustee gets wise and finds the hidden asset(s) and begins the process of administering them in the case for the benefit of creditors. "OOPS," says the debtor, "I don't want to lose my $50,000 undisclosed bank account, what do I do?!!?" The wise Chapter 13 practitioner whom the debtor consults says--"Not a problem: you have the absolute right to convert to a Chapter 13 under 11 U.S.C. § 706 (a), and that'll put an end to the nasty Chapter 7 trustee trying to glom onto that account. All you'll have to do is confirm a plan that satisfies 11 U.S.C. § 1325 (a) (4) by taking the value of the account into account in your distribution to creditors, and then pay that value over 3-5 years in convenient monthly installments over the term of your plan." The debtor replies, "But what happens to the account?" The wily practitioner responds, "It's yours to do with as you will. Even if your Chapter 13 case is unsuccessful and even if the case is converted back to Chapter 7, only what's left of the account is there for the Chapter 7 trustee thanks to 11 U.S.C. § 348(f)(1)(A). Hey, with the money in the account, while you're in Chapter 13, buy a couple of new cars with cash (make sure they're kind of moderately priced), buy new appliances, build that dormer extension to your house, go out to eat at Red Lobster every night, buy new clothes, send your kid to summer camp, etc., etc., etc.--no one's going to say then that you spent the money in bad faith, so 11 U.S.C. § 348(f)(2) won't apply." "Wow, thanks," says the debtor, "you're really smart." The wily lawyer, humble and honest for once, replies, "Don't thank me. It's your absolute right to convert your Chapter 7 case to a case under Chapter 13. Nuts to the Chapter 7 trustee! Hah!!"

*In re Kuhn*, 322 B.R. 377, 394 (Bkrtcy. N.D. Ind. 2005). Certainly this is not the result the drafters

of the statute wished to achieve, nor is it the position of this Court to advance a position that could so easily lend itself to such a result.

## IV. CONCLUSION

Accordingly, the decision of the Bankruptcy Court to sustain the objection of the trustee to the conversion is **AFFIRMED**, and the decision of the Bankruptcy Court to deny the debtor's motion to convert is **AFFIRMED**.

**IT IS SO ORDERED.**

DATE:     May 27, 2005              */s/ Richard E. Dorr*
                                    RICHARD E. DORR, JUDGE
                                    UNITED STATES DISTRICT COURT